**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HEALTH CAROUSEL TRAVEL NETWORK, LLC<br><br>Plaintiff<br><br>v.<br><br>DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. f/k/a STAT STAFF PROFESSIONALS, INC., ROME MEMORIAL HOSPITAL, INC., & CHRISTINE TUCKER | Civil Case No. 1:26-cv-428<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff Health Carousel Travel Network, LLC ("Health Carousel") submits this memorandum in support of its Motion for Leave to File a First Amended Complaint (the "Amended Pleading") to add a claim for fraud against Defendant Davin Healthcare Workforce Solutions, Inc. ("Davin"), add Chrstine Tucker ("Ms. Tucker") as a party and assert a claim for fraud against her. A copy of the proposed Amended Pleading complying with Local Rule 15.1 is attached as Exhibit 1.

## A. STATEMENT OF THE CASE

This lawsuit stems from Health Carousel's provision of healthcare staffing services pursuant to Subcontractor Staffing Agreements ("Staffing Agreements") it entered into with Davin. Health Carousel provided the staffing services to various hospitals, including Defendant Rome Memorial Hospital, Inc. The hospitals were to pay Davin, and then Davin was to pay Health Carousel.

As Health Carousel provided its staffing work, amounts owed under the Staffing Agreements began to accrue as Davin breached them by not paying Health Carousel. Health Carousel made the determination to stop performing under certain of the Staffing

Agreements unless payment was received and communicated this to Davin. *See* Ex. 1, pg. 6, ¶¶28-29. Davin and its Chief Financial Officer Christine Tucker ("Ms. Tucker") then proceeded from March, 2025 until October, 2025 to make materially false and misleading communications to Health Carousel that Health Carousel would be paid to induce it to continue working. *Id.* at pgs. 6-7, ¶¶29-39.

While Health Carousel continued performing in reliance upon Davin and Ms. Tucker's false statements, unbeknownst to it, Davin's financial condition was deteriorating. Suddenly in December, 2025 Davin's newly-appointed "Windup Officer" communicated to Health Carousel that it could not pay Health Carousel and that any payments it was to receive from the hospitals Health Carousel provided its healthcare staffing services to were pledge as collateral on Davin's loan it was defaulting upon. *Id.* at pg. 8, ¶¶42-45. Davin and Ms. Tucker's fraudulent statements had the practical effect of increasing its accounts receivable or cash and decreasing the indebtedness to its lender. *Id.* at ¶46.

A fraud claim is not duplicative of a breach of contract claim if "they allege misrepresentations and omissions that are other fraudulent conduct besides entering with no intention to perform." *Chartwell RX, LLC v. Inmar, Inc.*, 620 F.Supp.3d 59, 73 (S.D.N.Y. 2022) (citations and quotations omitted). "[F]or a fraud claim to be maintained alongside a breach of contract claim, the plaintiff must either '(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 681 F.Supp.3d 81, 102

(S.D.N.Y. 2023), quoting *IMG Fragrance Brands LLC v. Houbigant, Inc.*, 679 F.Supp.2d 395, 409 (S.D.N.Y. 2009); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2nd Cir. 1996). "Officers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it." *Coach IP Holdings, LLC v. ACS Group Acquisition LLC*, S.D.N.Y. No. 23-CV-10612(LGS)(VF), 2026 WL 851339, *26 (March 27, 2026), quoting *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2nd Cir. 1994). A "corporate officer may be held liable for fraud 'even if they did not stand to gain personally,' so long as they 'participated in or had actual knowledge of the fraud.'" *Id.* quoting *Nielsen Co. (US), LLC v. Success Sys., Inc.*, S.D.N.Y. No. 11-CV-2939 (BSJ)(FM), 2012 WL 3526625, *6 (Aug. 13, 2012).

Here, because of Davin and Ms. Tucker's fraudulent statements, Health Carousel incurred at least $110,623 in employment costs related to the healthcare professionals that it continued to place in reliance upon these Defendants statements. Health Carousel therefore seeks to bring a fraud claim against Davin and Ms. Tucker based upon these facts and law.

## B. APPLICABLE LAW

The amendment of a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 15(a)(2) states that when a party seeks leave to file an amended pleading "[t]he court should freely give leave when justice so requires." [I]t is within the sound discretion of the district court to grant or deny leave to amend." *Smith v. Dodge,* N.D.N.Y. No. 9:18-cv-1066 (MAD/CBF), 2026 WL 1256291, *4 (May 7, 2026), citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2nd Cir. 2007) (citation omitted). "[L]eave to amend should be denied only in the face of undue delay, bad faith, undue

prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendment." *U.S. v. Walker*, N.D.N.Y. No. 1:11-cv-914(NAM/DJS), 2016 WL 7409688, *3 (Sept. 26, 2016); *Forman v. Davis,* 371 U.S. 178, 182 (1962) ("Under the Rule 15(a) standard, leave must be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, and undue prejudice").

## C. LEGAL ARGUMENT

Plaintiff seeks to amend its complaint to assert a fraud claim against Davin and Ms. Tucker. The Court should grant leave because the claim is not futile—it has a basis in law and fact. Health Carousel was defrauded into continuing to perform based upon Davin and Ms. Tucker's false statement that were extraneous and collateral to the contract. These Defendants induced Health Carousel to continue performing through these false statements, with the intent to reduce Davin's indebtedness to its own lender.

There is no undue delay. Based in part on Davin's failure to participate in this lawsuit, Health Carousel reviewed documents and researched potential additional claims. Fraud of this type is recognized by New York courts and executives who participate can be held liable. Accordingly, Health Carousel is seeking leave to add the claim and Ms. Tucker as an additional responsible party within the time the parties and Court previously agreed in the scheduling order.

Similarly, there is no bad faith, dilatory motive, or undue prejudice. Davin has not participated in the lawsuit, so that it cannot argue that it has unfairly expended resources. Health Carousel does not anticipate that granting this motion will affect the remaining

case schedule. It merely seeks to bring additional claims after further investigation of this matter.

Considering the foregoing factors, justice requires Health Carousel be permitted leave to amend the complaint. *See, e.g., Daly v. Dunkin' Brands, Inc.*, N.D.N.Y. No. 3:24-CV-1475, 2026 WL 350687, *6 (Feb. 9, 2026) ("at this juncture, and even in light of the fact that plaintiff has not requested leave to amend, the Court is not inclined to rule that amending the pleadings would necessarily be futile"); *Distefano v. The Mary Imogene Bassett Hosp.*, N.D.N.Y. No. 6:25-cv-00358 (BKW/TWD), 2026 WL 192296, *6 (Jan. 26, 2026); *Doe v. Sigma Chi Int'l Fraternity, Inc.*, N.D.N.Y. No. 5:23-cv-1452 (BKS/ML), 2024 WL 4347799, *27 (Sept. 30, 2024); *Empower Fed. Credit Union v. Empower Annuity Ins. Co. of Am.*, N.D.N.Y. No. 5:23-cv-941 (BKS/MJK), 2024 WL 3639440, *10 (Aug. 2, 2024); *Riverkeeper, Inc. v. Coeymans Recycling Ctr., LLC*, N.D.N.Y. No. 1:20-cv-01025 (GTS/CFH), 2024 WL 779384, *7-8 (Feb. 26, 2024); *Greko v. Tiktok, Inc.*, N.D.N.Y No. 5:22-cv-00916 (BKS/ML), 2023 WL 3092861, *6 (Apr. 26, 2023). Accordingly, Health Carousel respectfully requests that its motion be granted.

## C. <u>CONCLUSION</u>

For the foregoing reasons, Health Carousel respectfully requests that the Court grant it leave to file the proposed Amended Pleading.

Date: August 24, 2026

Respectfully Submitted,
REARDON & CHASAR, LPA
/s/ Matthew R. Chasar

Matthew R. Chasar , *pro hac vice*
455 Delta Avenue, Suite 108
Cincinnati, Ohio 45226-1345
Tel: (513) 827-6136
Fax: (513) 297-7900
Email: mrchasar@reardonchasar.com

Philip J. Campisi, Jr.
Westerman Ball Ederer Miller Zucker & Sharfstein LLP
1201 RXR Plaza
Uniondale, NY 11556
(516) 622-9200
pcampisi@westermanllp.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2026 electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record authorized to receive electronic notification.

/s/ Matthew R. Chasar
Matthew R. Chasar, *pro se*